IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATHERINE NELSON, Individually, and as Personal Representative of THE ESTATE OF DERRICK NELSON, Deceased,<br><br>    Plaintiffs,<br><br>    v.<br><br>THE UNITED STATES OF AMERICA, ~~DANVILLE VA MEDICAL CENTER,~~ TARUNKUMAR PATEL, MD, DR. SHAPIRO and DR. DENNIS LOCKREY,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Court No.:<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT AT LAW

Now Come the Plaintiffs, Katherine Nelson, Individually, and as Personal Representative of The Estate of Derrick Nelson, by and through their attorney, Robert A. Montgomery, and for their cause of action against the Defendant, the United States of America, allege and say the following:

### STATEMENT OF JURISDICTION AND VENUE

1.  This Court has jurisdiction over this cause pursuant to 28 U.S.C. Section 1332 because the Defendant is the United States of America and based upon information and belief, the Defendants, Dr. Tarunkumar Patel, Dr. Shapiro and Dr. Dennis Lockrey were employees and/or agents of the United States of America working for the VA Illiana Health Care System, at a veteran's hospital located in Danville, Illinois, which was funded, owned and operated by the United States of America.

2.  The medical care at issue was rendered in Danville, Illinois, at the VA Illiana

Health Care System and venue is proper pursuant to 28 U.S.C. Section 1391.

3. The Plaintiffs have complied with the requirements of the Federal Tort Claims Act by filing a Standard Form 95, Notice of Tort Claim, on which are attached hereto as Exhibit "A"

**COUNT I – CLAIM FOR THE WRONGFUL DEATH OF DERRICK NELSON**

Now Comes Katherine Nelson, as Person Representative of The Estate of Derrick Nelson, Deceased, by Attorney Robert A. Montgomery, and for her cause of action against the United States of America, alleges and states the following:

1. On December 9, 2015 and at all relevant times Defendant, The United States of America, funded, owns and operates the VA Illiana Health Care System, including, a hospital located at 1900 E. Main Street, Danville, Illinois.

2. On the above-date and after the United States of America by its agents and employees of the VA Illiana Health Care System, including Dr. Tarunkumar Patel, Dr. Shapiro and Dr. Dennis Lockrey, treated persons suffering from various medical maladies and the Defendants held themselves out and otherwise informed the public, and more particularly in the instance of Derrick Nelson that it had and possessed the requisite skill, competence, know-how, facilities, personnel, equipment, and knowledge to properly treat Derrick Nelson.

3. On the above-date, Dr. Tarunkumar Patel, Dr. Shapiro and Dr. Dennis Lockrey, staff of the VA Illiana Health Care System and the hospital operated in Danville, Illinois were employees or agents of the United States of America and were granted access to patients, including Derrick Nelson, at the sole discretion of the United States of America.

4. That on and before the above-mentioned date, Derrick Nelson became a

patient of the United States of America, its agents and employees, including, Dr. Tarunkumar Patel, Dr. Shapiro and Dr. Dennis Lockrey for the purpose of receiving treatment, entrusting himself to the care of the United States of America and its employees and agents of the VA Illiana Health Care System at its hospital facility located in Danville, Illinois.

5. That it thereupon became and was the duty of the United States of America, its employees and agents including Dr. Tarunkumar Patel, Dr. Shapiro and Dr. Dennis Lockrey to possess and apply that degree of reasonable care, skill and diligence in ordinarily use in treating Derrick Nelson that a reasonably careful prudent health care provider would exercise under the same or similar circumstances.

6. That notwithstanding the duty it owed to Derrick Nelson, the United States of America, its employees and agents including Dr. Tarunkumar Patel, Dr. Shapiro and Dr. Dennis Lockrey breached that duty by committing one or more of the following acts or omissions, including but not limited to:

    a. Carelessly and negligently failing to timely diagnose and treat Derrick Nelson;

    b. Carelessly and negligently failing to timely diagnose, appreciate, and otherwise properly treat Derrick Nelson's medical condition.

    c Carelessly and negligently failed to attend to Derrick Nelson in accordance with the usual and customary skill and with the standards required of hospitals and doctors and nurses in the area in question;

    d Carelessly and negligently, by and through its employees, agents and apparent agents, failed to follow protocols, standards, policies, and procedures, as well as JCAHO standards;

    e Carelessly and negligently failed to properly monitor the condition of Derrick Nelson;

    f, Failed to timely make a referral of Derrick Nelson to a specialist

g      Carelessly and negligently failed to timely give Derrick Nelson necessary and proper care.

7.     As a further direct and proximate result of said acts and omissions, Derrick Nelson died on January 24, 2017.

8.     At all times relevant hereto and on January 24, 2017, Katherine Nelson was lawfully married to Derrick Nelson.

9     As a further direct and proximate result of one or more of the foregoing negligent acts and omissions on the part of the Defendants, Derrick Nelson, next-of-kin sustained the following injuries and damages: pecuniary damages and losses, the loss of the decedent's support, society, love, affection, guidance, companionship; sorrow, grief, and mental suffering; and all other damages and injuries allowable under the Illinois Wrongful Death Act.

10.    On December 16, 2017, the Plaintiff, Katherine Nelson was appointed Personal Representative of The Estate of Derrick Nelson and as a further direct and proximate result of said negligence on the part of the Defendants, The Estate of Derrick Nelson incurred funeral and burial expenses. A true and correct copy of the Order of Appointment and Letters of Administration are attached hereto, incorporated herein by reference, and labeled Exhibits "C" and "D".

Wherefore, the Plaintiff, Katherine Nelson, as Personal Representative of The Estate of Derrick Nelson Deceased, demands judgment against the Defendants, in a sum in excess of $75,000.00, attorney fees and litigation costs pursuant to 210 ILCS 45/3-602.

### COUNT II – ESTATE OF DERRICK NELSON'S SURVIVAL ACTION

Now Come Katherine Nelson, Individually, and as Personal Representative of The

Estate of Derrick Nelson, by her attorney, Robert A. Montgomery, and for her cause of action against the Defendants alleges and says they following:

1 – 10. Plaintiffs repeat and reallege as set out in full paragraphs 1 through 10 of Count I as paragraphs 1 through 10 of Count II.

11. As a direct and proximate result of the wrongful acts or omissions of the Defendants as heretofore alleged, Derrick Nelson was caused to be disabled, suffer pain limitation of his normal activities and loss of enjoyment of life up until the moment of his death on January 24, 2017.

12. As a further direct and proximate result of one or more of the foregoing negligent acts and omissions on the part of the Defendants Derrick Nelson sustained painful and permanent injuries, thereby causing him to endure physical and emotional pain and suffering prior to his death on January 24, 2017 and other damages and injuries allowable under the Illinois Survival Act.

13. Derrick Nelson has expended, or become indebted and liable for medical and hospital expenses and lost income

14. As a further direct and proximate result of one or more of the foregoing negligent acts and omissions on the part of the Defendants, the Plaintiff, Katherine Nelson lost the consortium, society and services of her husband, Derrick Nelson.

15. On December 16, 2017, Katherine Nelson was appointed Personal Representative of The Estate of Derrick Nelson. A true and correct copy of the Order of Appointment and Letters of Administration are attached hereto, incorporated herein by reference, and labeled Exhibits "C" and "D".

Wherefore, the Plaintiff, Katherine Nelson Individually and as Personal

Representative of The Estate of Derrick Nelson demands judgment against Joseph Vitello, M.D., in a sum in the amount of in excess of $75,000.00), attorney fees and litigation costs.

/s/Robert A. Montgomery
Robert A. Montgomery
Attorney for Plaintiffs

Robert A. Montgomery
Attorney at Law
30 North LaSalle Street, Suite 2950
Chicago, Illinois 60602
T: 312-236-7700; F: 312-346-6549
E-Mail: rm@rmontlaw.com
Attorney Code: 1946129

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KATHERINE NELSON, as Personal Representative of )
THE ESTATE OF DERRICK NELSON, Deceased,          )
                                                 )
                                                 )
     Plaintiffs,                                 )
                                                 )
                    v.                           ) Court No.:
                                                 )
THE UNITED STATES OF AMERICA,                    )
                                                 )
     Defendant                                   )

## AFFIDAVIT

Now comes Robert A. Montgomery, first being duly sworn and upon my oath, and states that I have personal knowledge of the following facts and could testify competently to as follows:

1. That the undersigned is an Attorney representing the Plaintiff in this action.

2. That the Affiant has consulted and reviewed the facts of the case with a health care professional who the affiant reasonably believes is knowledgeable in the relevant issues involved in this particular action; who practices within the last six years in the same area of health care that is at issue in this particular action; and is qualified by academic training and professional experience in the subject matter of the case.

3. That the reviewing health care professional has determined in a written report, after a review of the medical records and other relevant material that there is a reasonable and meritorious cause for the filing of this action against

4. Affiant has concluded on the basis of the reviewing health care professional's review and consultation that there is a reasonable and meritorious cause for the filing of

this action against the named parties.

5. Attached to this Affidavit is a copy of said health care professional's written report.

Further, Your Affiant Sayeth Not.

_____
Robert A. Montgomery

---

Subscribed and sworn to before me

this __23rd__ day of January 2018

_____
NOTARY PUBLIC

OFFICIAL SEAL
JULIE KELLY
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:06/19/21

Robert A. Montgomery
Attorney at Law
30 North LaSalle Street
Suite 2950
Chicago, Illinois 60602
Telephone: 312 236-7700
Facsimile: 312-346-6549
Attorney No. 1946129

I am a physician licensed to practice medicine in all of its branches. I am a board certified in Cardiovascular Disease, Nuclear Cardiology and Internal Medicine and in active clinical practice in cardiology. I have been licensed to practice under the laws of the State of Illinois and have been within the last six years engaged in the same area of healthcare or medicine that is at issue in the action of Derrick Nelson.

I am qualified by academic training and professional experience to evaluate the care and treatment rendered to Derrick Nelson by the physicians of the VA Hospital including Dr. Tarunkumar Patel

He went to his primary care physician to evaluate symptoms of shortness of breath. Prior to the visit with his physician, he had a chest X-ray performed which reported cardiomegaly. He also had an echocardiogram on June 18, 2013. The echocardiogram showed a cardiomyopathy with severe left ventricular hypertrophy and diastolic dysfunction. His cardiac condition almost certainly contributed to his reported symptoms. His autopsy report stated cardiomegaly as his immediate cause of death.

Dr. Tarunkumar Patel deviated from the standard of care by not providing appropriate evaluation or follow up of Mr. Nelson's cardiomyopathy. He was not referred to a cardiologist and despite progressive symptoms, never had a repeat echocardiogram. The cause of his cardiomyopathy was assumed by Dr. Patel to be hypertension; however, blood work done on Feb. 26, 2016, showed markedly elevated kappa and lambda light chains. This finding raises the possibility that his cardiomyopathy was due to an infiltrative process. Failing to provide an accurate diagnosis of Mr. Nelson's condition likely impacted his treatment.

I believe that with proper care, Mr. Nelson's cardiac deterioration could have been detected earlier. Earlier detection and proper evaluation would have led to treatment options that would have improved his symptoms and more likely than not prevented his death.